UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dexter Smith,<br><br>    Plaintiff,<br><br>    v.<br><br>Tom Fox, Director of the J. Reuben Long Detention Center; and Phillip Thompson, Sheriff of Horry County,<br><br>    Defendant. | C/A No. 4:05-1013-GRA-TER<br><br>ORDER<br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., and filed January 18, 2006. The magistrate recommends that Defendants' motion to dismiss be denied and Plaintiff's motions for summary judgment (documents #17 and 19) be denied. For the reasons stated below, the Report and Recommendation is accepted as modified.

The Plaintiff is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff and Defendants both have filed objections to the magistrate's Report and Recommendation.

The Defendants sole objection is that the magistrate erred in denying Defendants' motion to dismiss in his Report and Recommendation by finding that Defendants did not meet their burden of a Rule 12(b)(6) *Federal Rule of Civil Procedure* motion to dismiss in that they have not clearly shown that no relief could be granted under any set of facts that could be proved consistent with the allegations. This Court agrees with the Defendants.

"The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment...." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4 Cir. 1993).

"[E]xtreme deprivations are required to make out a conditions-of-confinement claim…. Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' 'only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Strickler* at 1380 f.n. 3, quoting *Hudson v. McMillian*, 503 U.S. 1, -----, 112 S.Ct. 995, 1000 (1992).

"In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler*, 989 F.2d 1375, 1379 (4th Cir.1993), *quoting Williams v.*

*Griffen*, 952 F.2d 820, 824 (4th Cir.1991). "The Supreme Court has explained that the first showing requires the court to determine whether the deprivation of the basic human need was objectively "sufficiently serious," and the second requires it to determine whether subjectively "the officials act[ed] with a sufficiently culpable state of mind." *Strickler*, at 1379, *quoting Wilson v. Seiter*, 501 U.S. 294, ----, 111 S.Ct. 2321, 2324, 115 L.Ed 2d 271 (1991); *see also Hudson v. McMillian*, 503 U.S. 1, -----, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992).

As to the first element, "in order to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler* at 1381 (emphasis added).

Because this is a motion to dismiss pursuant to Rule 12(b)(6) *FRCP* and not a summary judgment motion, this Court has reviewed the Plaintiff's Complaint in a light most favorable to the Plaintiff. After a review of the Plaintiff's Complaint, this Court holds that Plaintiff has failed to allege a serious physical or emotional injury that arises to a serious deprivation of a basic human need. *Id.* at 1379. Therefore Plaintiff has failed to establish a 42 U.S.C. § 1983 cause of action that the prison conditions violated his Eight Amendment right to be free from cruel and unusual punishment and Defendants motion to dismiss will be granted.

Plaintiff's objection to the magistrate's Report and Recommendation states that he has set forth all witnesses, recorded statements of all the allegations and evidence,

doctor bills, medical information of upper neck pains, lower back pains and he is allowing the U.S. District Court to subpoena all health records at J. Reuben Long Detention Center. This objection does not specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. It is just a general statement of what the Plaintiff claims he has done. Therefore this Court finds that Plaintiff's objection is without merit and adopts the magistrate's recommendation that Plaintiff's motions for summary judgment be denied.

Further, Plaintiff filed on February 3, 2006, a motion for summary judgment stating that the Defendants are in gross default in not responding to Plaintiff's first two motions for summary judgment. On February 7, 2006, Defendants filed a reply in opposition to Plaintiff's motion for summary judgment seeking clarification of the grounds set forth in Plaintiff's motion. Based on this Court's decision to grant Defendant's motion to dismiss as set forth above, Plaintiff's third motion for summary judgment is denied as moot.

Therefore, after a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law and modified as set forth in this decision. Accordingly, the Report and Recommendation is accepted as modified.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss be GRANTED and that Plaintiff's complaint be DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's motions for summary judgment (documents #17 and 19) be DENIED and Plaintiff's third motion for summary judgment


filed on February 3, 2006 be DENIED AS MOOT.

    IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

February 10, 2006

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.